■ GERALD P. HALPERN, Appellant, v NORTHTOWN REALTY Co. et al., Defendants, and MAGIC PAN, INC., Doing Business as THE MAGIC PAN, Defendant and Third-Party Plaintiff-Respondent. ELAINE POWERS FIGURE SALON et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff and the third-party defendants Elaine Powers Figure Salon and Vanderbilt Bridge Club separately appeal from an order of the Supreme Court, Nassau County (Brucia, J.), entered June 5, 1986, which granted the motion of the defendant and third-party plaintiff for leave to reargue the plaintiff's motion to strike its answer and, upon reargument, denied the plaintiff's motion and reinstated its answer.

Ordered that the order is modified, as a matter of discretion, by adding a provision thereto conditioning the granting of reargument upon the payment by the defendant and third-party plaintiff's attorney personally of the sum of $250 to the attorney for each of the other parties (for a total sum of $1,250), and providing that, in the event the condition is not complied with, the motion for reargument is denied and defendant and third-party plaintiff's answer is stricken; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendant and third-party plaintiff, and the defendant and third-party plaintiff's time to pay the total of $1,250 is extended until 30 days after service upon him personally of a copy of this decision and order, with notice of entry.

On October 6, 1981, the plaintiff Gerald Halpern was allegedly injured when he came into contact with a plate glass window near the entrance of the defendant and third-party plaintiff's place of business. The plaintiff commenced this action to recover damages for personal injuries on May 5, 1982. Pursuant to a Part 8-A order dated November 15, 1983,

and an order dated June 12, 1984, the defendant and third-party plaintiff was directed to appear for an examination before trial. A third order dated November 21, 1984 granted the plaintiff's motion and the third-party defendant Vanderbilt Bridge Club's cross motion to strike the defendant and third-party plaintiff's answer unless it appeared for examination before trial on December 17, 1984 at 9:30 A.M. "by a person or persons having personal knowledge of the occurrence and of the original lease and construction contract between defendant and the contractor who constructed the entranceway and installed the glass doors, etc."

On the day of the court-ordered examination before trial, the defendant and third-party plaintiff claimed, for the first time, that no person with actual knowledge of the lease was available. The plaintiff subsequently moved to strike the defendant and third-party plaintiff's answer for failure to comply with the order dated November 21, 1984. The motion was denied by order dated September 25, 1985, based upon the court's finding that the motion was unnecessary "since the aforesaid order, which was conditional, was self-effectuating and became absolute as against that defendant upon its failure, on December 17, 1984, at 9:30 A.M., to produce a witness who had personal knowledge of the original lease referred to in the order".

Thereafter, the defendant and third-party plaintiff's motion for reargument was granted and the court concluded that it had shown that its failure to comply with the prior order was not willful or contumacious.

Failure to comply with a disclosure order authorizes the imposition of appropriate sanctions pursuant to CPLR 3126. We find that, under the circumstances herein, the drastic sanction of the striking of the defendant and third-party plaintiff's answer was not warranted (see, Plainview Assocs. v Miconics Indus., 90 AD2d 825; Cinelli v Radcliffe, 35 AD2d 829). The Supreme Court therefore properly afforded it the opportunity to defend this matter on the merits. However, given the failure to comply with court-ordered disclosure, relief to the defendant and third-party plaintiff should have been conditioned upon the payment of a monetary sanction (see, Golden v Transport Taxi & Limousine Serv., 80 AD2d 870). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.