■ FRED BAZZINI et al., Respondents, v HERTZ CORP. et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated August 1, 1990, which granted the plaintiffs' motion to renew, and, upon

renewal, vacated a prior order of the same court, dated April 2, 1990, denying the plaintiffs' motion to vacate their default in opposing a motion to dismiss, granted the motion to vacate the default, and vacated a prior order of the same court dated November 23, 1988, granting the defendants' motion to dismiss the complaint and denied the motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On November 23, 1988, upon the plaintiffs' default, the court granted the defendants' motion, made pursuant to CPLR 3126, to dismiss the plaintiffs' complaint for their unexplained failure to comply with the defendants' notice for discovery and inspection and two prior discovery orders. Almost a year after their attorney was served with a copy of that order, the plaintiffs moved for vacatur pursuant to CPLR 5015 (a), on the ground that counsel failed to respond to the defendants' motion because he never received the motion papers. A response to outstanding discovery accompanied the moving affirmation. By order dated April 2, 1990, the court denied that motion, finding that counsel still had not proffered any excuse for his earlier noncompliance with the discovery demand and prior discovery orders, nor for his long delay in moving to vacate. The plaintiffs then moved for an order "vacating the Order * * * dated April 2, 1990 [and] modifying the prior Order dated November 23, 1988". In his supporting affidavit, the plaintiffs' attorney, for the first time, admitted having an alcohol problem which had interfered with the management of his clients' matter. He stated that he was being treated and that he had turned the case over to new counsel.

Upon a review of the record as a whole we conclude that the Supreme Court did not improvidently exercise its discretion in treating the motion as one for renewal based upon counsel's statement and, upon granting renewal, reinstating the action conditioned upon full compliance with all outstanding discovery demands and orders and personal payment by counsel of a $250 sanction to each defendant. It is apparent that the plaintiffs themselves were unaware of their attorney's alcohol problem at the time the motion pursuant to CPLR 5015 (a) to vacate the default was made, and thus it would have been inequitable not to have considered the matter anew simply because this fact was not raised at that time (see, Oremland v Miller Minuteman Constr. Corp., 133 AD2d 816; Patterson v Town of Hempstead, 104 AD2d 975). We agree with the Supreme Court that although the alcohol problem was only partially satisfactory as an excuse for the earlier

discovery defaults, the plaintiffs themselves did not engage in the sort of willful behavior which must be demonstrated before the ultimate sanction of dismissal may properly be imposed. For example, bills of particulars were served upon demand and depositions of all parties were conducted. In view of the foregoing, it cannot be said that the court improvidently granted relief to the plaintiffs *(see, Halpern v Northtown Realty Co.,* 137 AD2d 583; *Battaglia v Hofmeister,* 100 AD2d 833; *Plainview Assocs. v Miconics Indus.,* 90 AD2d 825). Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.