■ RONALD MARINO, Respondent, v DWYER-BERRY CONSTRUCTION CORP. et al., Defendants, and MICHAEL MORRIS, Appellant. (And Third-Party Actions.) [597 NYS2d 466] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Michael Morris appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered January 25, 1991, as denied that branch of his motion which was to dismiss the plaintiff's breach of contract cause of action asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the breach of contract cause of action against the appellant is granted, that cause of action is dismissed, and the action against the remaining defendants is severed.

In March 1986 the plaintiff, in purported reliance upon a filed subdivision map, purchased a parcel of land for the purpose of building a house thereon. The map bore the approval of the Dutchess County Department of Health and indicated that the property was a suitable site for the construction of a one-family dwelling. The map had been prepared by the defendant Michael Morris, an engineer, for the original owner of the property, and the Dutchess County Department of Health's stamp of approval had been placed on the map subsequent to Morris's seal. The plaintiff was the fourth successive owner of the parcel, and subsequently learned that the map was incorrect, inasmuch as soil conditions on the property preclude the installation and operation of an adequate septic system. Accordingly, the Dutchess County Department of Health withdrew its approval.

The plaintiff sought recovery from Morris on theories of negligence and breach of contract in the preparation of the subdivision map. Morris moved to dismiss the complaint insofar as asserted against him for lack of privity. The Supreme Court dismissed the negligence cause of action, but denied the motion with respect to the breach of contract cause of action.

Morris now contends that the cause of action to recover damages for breach of contract should be dismissed because there is no professional relationship between the parties and because the plaintiff was not an intended third-party beneficiary of the contract for engineering services between Morris and the original owner of the parcel. Conversely, the plaintiff

claims that his alleged reliance on the map gives him the status of a third-party beneficiary. The order must be reversed insofar as appealed from and the breach of contract cause of action against Morris must be dismissed.

It is clear that neither privity of contract nor the functional equivalent of contractual privity exists between the parties to this appeal *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417). Moreover, the fundamental requirements for a finding of intended third-party beneficiary status are not present in this case. Indeed, as a remote purchaser of the property, the plaintiff was not contemplated in the contractual arrangement between Morris and the original owner of the parcel, and the contract was not intended to benefit, nor was performance to be made directly to, the plaintiff *(see generally, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38; *cf., Key Intl. Mfg. v Morse/ Diesel, Inc.,* 142 AD2d 448). The plaintiff's contention that he is to be accorded the status of a third-party beneficiary by reason of his alleged reliance on the presence of Morris's seal on the filed subdivision map is unavailing. Any such reliance on Morris's seal would have been unreasonable given the fact that it was the Dutchess County Department of Health which subsequently placed its stamp of approval on the map and which thereby certified that the parcel could accommodate the requisite sanitary facilities. In this regard, the decision in *Vandewater & Lapp v Sacks Bldrs.* (20 Misc 2d 677) is inapposite to this case, inasmuch as it dealt with the distinct topic of reliance upon the physical dimensions of property as set forth on a subdivision map filed by a licensed land surveyor pursuant to Real Property Law § 334. Accordingly, the breach of contract cause of action against the appellant cannot stand. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.