STEPHEN SEGALL et al., Plaintiffs, v MANUAL RAPKIN, Individually and Doing Business as CRANFORD FARM, et al., Respondents, and TOWN OF CLARKSTOWN, Appellant. (Action No. 1.) BART SILVERMAN et al., Plaintiffs, v MANUAL RAPKIN, Individually and Doing Business as CRANFORD FARM, et al., Respondents, and TOWN OF CLARKSTOWN, Appellant. (Action No. 2.) [663 NYS2d 234] —In a consolidated action, *inter alia,* to recover damages for negligence, the defendant Town of Clarkstown appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated September 10, 1996, as granted the motion of the defendant Goodkind & O'Dea, Inc. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, who own neighboring houses in the hamlet of New City, commenced two actions in 1994 to recover damages allegedly caused by flooding from a nearby tributary of the Demarest Kill. According to the plaintiffs, their houses were built 3.5 feet below the base flood elevation level because of an error in a flood insurance study prepared by the defendant Goodkind

& O'Dea, Inc., an engineering firm hired by the Federal government about 15 years before the houses were built. The plaintiffs commenced two actions against Goodkind & O'Dea, Inc., the developer, the developer's surveyor, and the Town of Clarkstown, which issued the necessary building permits. Shortly after the two actions were consolidated, the plaintiffs entered into a settlement agreement with the Town of Clarkstown, pursuant to which they assigned to the Town their causes of action against the other defendants.

The Supreme Court properly determined that Goodkind & O'Dea, Inc. could not be held liable for negligence because there was no privity of contract or its functional equivalent between the plaintiffs and the firm (*see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536). The primary purpose of the flood insurance study was to provide the Federal government with the necessary information to assess the flood hazard risks in local communities. There was no indication that the engineers were aware that the study might be used by developers or homeowners in the distant future. In addition, the plaintiffs failed to establish that they were known reliant parties or that there was any conduct linking them with Goodkind & O'Dea, Inc. (*cf., Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417).

The plaintiffs were not third-party beneficiaries of the government contract. As remote purchasers of the property, the plaintiffs were not contemplated in the agreement between the government and the engineers, and the contract was not intended for their benefit (*see, Marino v Dwyer-Berry Constr. Corp.,* 193 AD2d 654). Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.