■ Roger Miller et al., Respondents, v William R. Doniger et al., Appellants. [682 NYS2d 171] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered October 1, 1997, which granted plaintiffs' motion to vacate an order dismissing their complaint for failure to appear at a preliminary conference, unanimously affirmed, with costs.

Claiming that plaintiffs' former attorney's engagement involved conflicts of interest and other "serious professional improprieties", defendants served subpoenas on him, which went unanswered, and culminated in his being held in contempt on default. Days after defendants' order to show cause for contempt was signed, plaintiffs wrote a letter to the Departmental Disciplinary Committee (DDC) complaining about their attorney's failure to communicate with them, which elicited a response from their attorney to the effect that he had been very busy but said nothing about the subpoenas or the contempt proceedings, concerning which plaintiffs knew nothing. Some two months after complaining to the DDC, a preliminary conference was conducted in this action, which plaintiffs' attorney failed to attend, and when he failed to attend a rescheduled conference a month later, the court dismissed the action. The instant motion to vacate that dismissal was made by plaintiffs' new attorney five months later. Defendants opposed, arguing, in effect, that in default situations like this the sins of the attorney must be visited upon the client, but took no issue with plaintiffs' showing on the merits and made no showing of prejudice were the order of dismissal to be vacated. In these circumstances, the order of dismissal was properly

vacated (CPLR 5015 [a] [1]; *see, Lanc v Donnelly,* 184 AD2d 840). Concur—Lerner, P. J., Wallach, Tom and Andrias, JJ.