(November 18, 2002)

■ JOHN ARONIAN, Respondent, v DOUBLE R ASSOCIATES, L.P., Appellant, et al., Defendants. [749 NYS2d 732] —In an action, inter alia, to foreclose a mortgage, the defendant Double R Associates, L.P., appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered October 16, 2001, which denied its motion, among other things, to set aside the foreclosure sale.

Ordered that the order is affirmed, with costs.

Before the Supreme Court ordered the referee to execute the deed, the appellant was able to argue the merits of its assertion that it could redeem the property (*see EMC Mtge. Corp. v Bobb,* 296 AD2d 476; RPAPL 1341). The appellant failed to show that it was able to redeem the subject property, and therefore the Supreme Court correctly found no merit to its defense in the underlying foreclosure action and properly allowed the subject property to be deeded to the respondent (*see EMC Mtge. Corp. v Bobb, supra*; *see generally United Capital Corp. v 183 Lorraine St. Assoc.,* 251 AD2d 400). Smith, J.P., McGinity, Luciano and Crane, JJ., concur.

■ NADINE BALGLEY, Appellant, v ANGELO CAMMARATA et al., Respondents. [749 NYS2d 732] —In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Cammer, J.), dated July 26, 2001, which granted the respective motions of the defendants Angelo Cammarata and John Kehoe, the defendant Sheldon Schechter, and the defendant Adrian Baranetsky, to dismiss the action pursuant to CPLR 3012 (b) for failure to timely serve a complaint.

Ordered that the order is affirmed, with costs.

"To avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (*Chmielnik v Rosenberg,* 269 AD2d 555; *see also Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904). The plaintiff failed to demonstrate the existence of a meritorious cause of action. Therefore, the Supreme Court properly granted the respective motions to dismiss the complaint. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.