■ VITO NICHOLAS CARNAZZA, Respondent, v SHOPRITE OF STATEN ISLAND, Appellant. [783 NYS2d 834]—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated November 17, 2003, as granted those branches of the plaintiff's motion which were to vacate an order of the same court dated October 25, 2002, granting its motion for summary judgment upon the plaintiff's default in opposing the motion, and to vacate an order of the same court dated April 9, 2002, granting its motion to preclude the plaintiff from testifying at trial as to lost earnings upon his default in opposing the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party seeking to vacate an order entered upon default is required to demonstrate both a reasonable excuse for the default, and the existence of a meritorious cause of action or defense (*see* CPLR 5015 [a] [1]; *Henry v Kuveke*, 9 AD3d 476 [2004]; *Weekes v Karayianakis*, 304 AD2d 561 [2003]; *Parker v City of New York*, 272 AD2d 310 [2000]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see London v Iceland Inc.*, 306 AD2d 517 [2003]; *J.P. Equip. Rental & Materials v Fidelity & Guar. Ins. Co.*, 288 AD2d 187 [2001]; *Parker v City of New York, supra*). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in finding

that the plaintiff provided a reasonable explanation for his default in opposing two motions (*see Miller v Doniger,* 256 AD2d 244 [1998]; *Wilson v Misericordia Hosp.,* 244 AD2d 163 [1997]; *McNeil v Milstein,* 240 AD2d 549 [1997]; *Lanc v Donnelly,* 184 AD2d 840 [1992]; *see also Russo v Russo,* 289 AD2d 467 [2001]; *Parisi v McElhatton,* 209 AD2d 495 [1994]). Furthermore, the plaintiff's submissions were sufficient to demonstrate the existence of a potentially meritorious cause of action. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.