■ LOW SURGICAL & MEDICAL SUPPLY, INC., et al., Appellants, v DALE C. MCAFEE et al., Respondents. [789 NYS2d 896]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated July 19, 2004, which granted the defendants' motion to vacate an order of the same court dated October 9, 2003, granting the plaintiffs' motion for leave to enter a default judgment upon the defendants' failure to appear or answer.

Ordered that the order is affirmed, with costs.

To vacate their default, the defendants were required to demonstrate a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393 [2004]; Spells v A&P Supermarkets, 253 AD2d 422 [1998]; Roussodimou v Zafiriadis, 238 AD2d 568, 568-569 [1997]). The determination of what constitutes a reasonable excuse for a default lies within

the sound discretion of the Supreme Court (*see Carnazza v Shoprite of Staten Is.,* 12 AD3d 393 [2004]; *Roussodimou v Zafiriadis, supra* at 569). The Supreme Court providently exercised its discretion in finding that the defendants presented a reasonable excuse for their default based on the mental condition of their former counsel (*see State of New York v Kama,* 267 AD2d 224 [1999]; *Price v Salvo,* 203 AD2d 349 [1994]; *Knight v City of New York,* 193 AD2d 720, 722 [1993]; *Bazzini v Hertz Corp.,* 183 AD2d 691 [1992]; *Chery v Anthony,* 156 AD2d 414, 416 [1989]; *Berman v Brunswick Hosp. Ctr.,* 94 AD2d 736 [1983]; *Hargett v Health & Hosps. Corp. of City of N.Y.,* 88 AD2d 633 [1982]). Furthermore, the defendants' submissions were sufficient to demonstrate the existence of a potentially meritorious defense. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.