■ Lisa Bates Pristavec et al., Respondents, v Thomas Galligan et al., Appellants, et al., Defendants. [820 NYS2d 529]—

In an action, inter alia, to recover damages for dental malpractice, the defendants Thomas Galligan, Drs. Galligan and Villa, LLP, and Gerard Villa appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated November 22, 2005, as granted their motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them for failure to timely serve a complaint only to the extent of dismissing the causes of action alleging dental malpractice, and granted the plaintiffs' cross motion to extend their time pursuant to CPLR 3012 (d) to serve the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To avoid dismissal for failure to timely serve a complaint after a demand therefor has been served pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action (see Maldonado v Suffolk County, 23 AD3d 353 [2005]; Giordano v Vanchieri & Perrier, 16 AD3d 621 [2005]; Tutora v Schirripa, 1 AD3d 349 [2003]). The determination of what con-

stitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see Low Surgical & Med. Supply, Inc. v McAfee*, 15 AD3d 547 [2005]; *Carnazza v Shoprite of Staten Is.*, 12 AD3d 393 [2004]; *Adams v Alexander*, 291 AD2d 467 [2002]). Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in finding that the plaintiff offered a reasonable excuse for her delay in serving the complaint (*see Low Surgical & Med. Supply, Inc. v McAfee, supra; Carnazza v Shoprite of Staten Is., supra; Fine v Fine*, 12 AD3d 399 [2004]; *Du Jour v DeJean*, 247 AD2d 370 [1998]). Furthermore, the plaintiff adequately demonstrated the potential merit of those of her causes of action which are predicated upon ordinary negligence rather than dental malpractice, and there is no indication that the appellants were prejudiced by her relatively short delay in serving a complaint (*see Lewis v St. Francis Hosp.*, 10 AD3d 678 [2004]; *Klosterman v Federal Express Co.*, 271 AD2d 492 [2000]; *Kramer v Rosenthal*, 204 AD2d 406 [1994]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.