■ EIFANEO AQUILAR, Appellant, v NASSAU HEALTH CARE CORP. et al., Respondents. [836 NYS2d 649]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered April 28, 2006, which granted the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint is denied, and the complaint is deemed served.

To avoid dismissal for failure to timely serve a complaint after demand therefor has been served pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action (*see Pristavec v Galligan*, 32 AD3d 834 [2006]; *Maldonado v Suffolk County*, 23 AD3d 353 [2005]; *Giordano v Vanchieri &*

*Perrier,* 16 AD3d 621 [2005]). Although it is generally within the sound discretion of the court to determine what constitutes a reasonable excuse (*see Pristavec v Galligan, supra*), reversal is warranted if that discretion is improvidently exercised (*see Thompson v Steuben Realty Corp.,* 18 AD3d 864, 865 [2005]; *Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573, 574 [2004]). When exercising its discretion in this regard, a court should consider all relevant factors, including the extent of the delay, the prejudice to the opposing party, and the lack of an intent to abandon the action (*see Harcztark v Drive Variety, Inc.,* 21 AD3d 876 [2005]; *Thompson v Steuben Realty Corp., supra; Hammer v Hochberg,* 128 AD2d 834, 835-836 [1987]). Under the circumstances of this case, the inability of the plaintiff's counsel to meet with his expert in a timely manner constituted a reasonable excuse for the brief delay in serving the complaint (*see* CPLR 2005; *Hammer v Hochberg, supra* at 835). Furthermore, the plaintiff adequately demonstrated the potential merit of his action by submitting an affirmation from his expert physician, which specified the defendants' deviations from acceptable standards of medical care and opined that these deviations caused the plaintiff's post-operative complications and injuries (*see Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 634 [2003]; *Mevorah v King,* 303 AD2d 657 [2003]; *Nepomniaschi v Goldstein,* 182 AD2d 743, 744 [1992]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.