■ GRACE GIBBONS, Appellant, v COURT OFFICERS' BENEVOLENT ASSOCIATION OF NASSAU COUNTY et al., Respondents, et al., Defendants. [909 NYS2d 917]—

In an action, inter alia, to recover damages for breach of the duty of fair representation, employment discrimination, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated August 25, 2009, which granted the motion of the defendants Court Officers' Benevolent Association of Nassau County, Patrick Cribbin, and John Clancy pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of the defendants Court Officers' Benevolent Association of Nassau County, Patrick Cribbin, and John Clancy pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them is denied, and the plaintiff's verified complaint is deemed served.

On January 14, 2009, the plaintiff commenced this action against the defendants by the filing and subsequent service of a summons with notice. On June 1, 2009, the defendants Court Officers' Benevolent Association of Nassau County, Patrick Cribbin, and John Clancy (hereinafter collectively the defendants), served a notice of appearance with a demand for a complaint, as authorized by CPLR 3012 (b). The plaintiff's counsel was retained one week later on June 8, 2009. While counsel for several other defendants had consented to an adjournment of the deadline for serving a complaint, the defendants' counsel refused to either consent to or refuse consent to the plaintiff's various timely adjournment requests. Thirteen days after the deadline had passed for serving the complaint pursuant to CPLR 3012 (b) and 2103 (b) (2), the defendants moved to dismiss the action insofar as asserted against them. The Supreme Court granted the motion. We reverse.

To avoid dismissal for failure to timely serve a complaint after a demand therefor has been served pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay and a potentially meritorious cause of action (*see Pristavec v Galligan*, 32 AD3d 834, 834-835 [2006]).

Here, in view of the short delay, the reasons proffered by the plaintiff's counsel for the delay, the absence of any prejudice to the defendants, the existence of a potentially meritorious cause of action as set forth in the plaintiff's proposed verified complaint, and the strong public policy in favor of resolving cases on the merits, the Supreme Court improvidently exercised its discretion in granting the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them (*see Lewis v St. Francis Hosp.*, 10 AD3d 678 [2004]; *Klosterman v Federal Express Co.*, 271 AD2d 492 [2000]). Rivera, J.P., Dillon, Eng and Leventhal, JJ., concur.