GUNILLA PEREZ-FARINGER et al., Appellants, v JULIA HEILMAN et al., Defendants, and SUE FREEDMAN, Respondent. [912 NYS2d 418]—

In an action, inter alia, to recover damages for legal malpractice, fraud, and breach of fiduciary duty, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered July 14, 2009, which granted the motion of the defendant Sue Freedman pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against that defendant, and (2) an order of the same court entered July 14, 2009, which denied their motion, among other things, pursuant to CPLR 3012 (d) to extend the time to serve their complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiffs purchased a parcel of real property located in Scarsdale (hereinafter the subject property), from the defendant Lila Lambert Carloni. In this real estate transaction, the plaintiffs were represented by the defendant Julia Heilman and Carloni was represented by the defendant Sue Freedman. Subsequent to the closing of title, the plaintiffs discovered that the property upon which an easement which they needed to park their cars would not be maintained or repaired by the Village of Scarsdale, as represented by Carloni in the contract. In addition, they found out that the third floor of the home on the

property, which had been converted into living space, and the front deck, did not have certificates of occupancy.

On September 29, 2008, the plaintiffs pro se filed a summons with notice at the Westchester County Clerk commencing an action against, among others, Heilman, Carloni, and Freedman, inter alia, to recover damages for legal malpractice, fraud, and breach of fiduciary duty.

On February 9, 2009, Freedman served a demand for a complaint on the plaintiffs. Since Freedman mailed this demand to the plaintiffs, the plaintiffs had until March 6, 2009, to serve their complaint. The plaintiffs failed to serve a complaint upon Freedman by that date.

In an order entered July 14, 2009, the Supreme Court granted Freedman's motion to dismiss the action pursuant to CPLR 3012 (b) insofar as asserted against her. In a second order also issued the same day, the Supreme Court denied the plaintiffs' motion, inter alia, to extend their time to serve their complaint. We affirm.

In order to avoid dismissal for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action (*see Gibbons v Court Officers' Benevolent Assn. of Nassau County*, 78 AD3d 654 [2010]; *Pristavec v Galligan*, 32 AD3d 834 [2006]; *Maldonado v Suffolk County*, 23 AD3d 353 [2005]; *Giordano v Vanchieri & Perrier*, 16 AD3d 621 [2005]; *Tutora v Schirripa*, 1 AD3d 349 [2003]; *Balgley v Cammarata*, 299 AD2d 432 [2002]). Here, while the plaintiffs provided a reasonable excuse for their delay in serving the complaint (*see Gibbons v Court Officers' Benevolent Assn. of Nassau County*, 78 AD3d 654 [2010]; *Pristavec v Galligan*, 32 AD3d 834 [2006]), they failed to establish that they have potentially meritorious causes of action against Freedman (*see Balgley v Cammarata*, 299 AD2d 432 [2002]; *Chmielnik v Rosenberg*, 269 AD2d 555 [2000]). Accordingly, the Supreme Court properly granted Freedman's motion to dismiss the action pursuant to CPLR 3012 (b) insofar as asserted against her and properly denied the plaintiffs' motion. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.