To avoid dismissal of the action for failure to serve a complaint after a demand therefor has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action (see Perez-Faringer v Heilman, 79 AD3d 837, 838 [2010]; Gibbons v Court Officers’ Benevolent Assn. of Nassau County, 78 AD3d 654, 654 [2010]; Pristavec v Galligan, 32 AD3d 834, 834 [2006]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court (see Pristavec v Galligan, 32 AD3d at 834-835). When exercising its discretion in this regard, a court should consider all relevant factors, including the extent of the delay, the prejudice to the opposing party, and the lack of an intent to abandon the action (see Grace v Follini, 80 AD3d 560, 560-561 [2011]; Aquilar v Nassau Health Care Corp., 40 AD3d 788, 789 [2007]; Harcztark v Drive Variety, Inc., 21 AD3d 876 [2005]).
The excuse of law office failure proffered by the plaintiffs attorney was reasonable under the circumstances of this case, given the length of the delay, the lack of prejudice to the defendant, the plaintiffs active participation in a related proceeding brought by the defendant against the plaintiff, and the plaintiffs *553 lack of intent to abandon the action (see CPLR 2005; Aquilar v Nassau Health Care Corp., 40 AD3d at 789; Orwell Bldg. Corp. v Bessaha, 5 AD3d 573, 574-575 [2004]). Furthermore, the plaintiff adequately demonstrated the potential merit of its action by attaching a detailed verified complaint and an affidavit from its officer (see CPLR 105 [u]; Pristavec v Galligan, 32 AD3d at 835). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant’s motion to dismiss the action and in granting the plaintiffs cross motion to compel acceptance of the untimely complaint. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.