In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 12, 2011, which denied its motion pursuant to CPLR 3012 (b) to dismiss the action for failure to serve a timely complaint, or, alternatively, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, or, alternatively, pursuant to CPLR 3211 (c) for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, that branch of the defendant’s motion which was pursuant to CPLR 3012 (b) to dismiss the action for failure to serve a timely complaint is granted, and the remaining branches of the motion are denied as academic.
“In order to avoid dismissal for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action” (Perez-Faringer v Heilman, 79 AD3d 837, 838 [2010]; Gibbons v Court Officers’ Benevolent Assn. of Nassau County, 78 AD3d 654 [2010]). Here, while the plaintiff provided a reasonable excuse for his delay in serving the complaint (see Perez-Faringer v Heilman, 79 AD3d at 838; Pristavec v Galligan, 32 AD3d 834 [2006]), he failed to establish that he had a potentially meritorious cause of action (see Perez *1026 Faringer v Heilman, 79 AD3d at 838; Balgley v Cammarata, 299 AD2d 432 [2002]; Chmielnik v Rosenberg, 269 AD2d 555 [2000]). The plaintiff’s allegations are patently insufficient to demonstrate a potentially meritorious cause of action to recover damages for breach of contract predicated upon his purported status as a third-party beneficiary to the subject insurance contract (see Tilden Commercial Alliance v 2nd Edition Originals, 242 AD2d 702 [1997]; cf. Green v Fox Is. Park Autobody, 255 AD2d 417, 419 [1998]; Segall v Rapkin, 243 AD2d 624 [1997]). Further, the plaintiff has not alleged any material misrepresentation or misleading act or practice on the part of the defendant, such that the plaintiff failed to demonstrate potentially meritorious causes of action sounding in fraud and deceptive business practices (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; County of Suffolk v Long Is. Power Auth., 100 AD3d 944 [2012]; Andre Strishak & Assoc. v Hewlett Packard Co., 300 AD2d 608 [2002]).
Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was pursuant to CPLR 3012 (b) to dismiss the action, and denied, as academic, the remaining branches of the motion. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.