■ DUANE ROUX et al., Respondents, v BRIAN PATRICK et al., Defendants, and LEWIS COUNTY AREA SNOWMOBILE ASSOCIATION, INC., et al., Appellants. [642 NYS2d 33] —In an action to recover damages for personal injuries and wrongful death, (1) the defendant Lewis County Area Snowmobile Association, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated February 24, 1994, as denied its motion to dismiss the complaint pursuant to CPLR 3012 (b) and granted the plaintiffs' motion for leave to amend the complaint, and (2) the defendants Lewis County Area Snowmobile Association, Inc., and Valley Snow Travelers, Inc., appeal from an order of the same court, dated June 27, 1994, which denied their motion, *inter alia,* for summary judgment dismissing the amended complaint.

Ordered that the order dated June 27, 1994, is reversed, on the law, the appellants' motion is granted, and the amended complaint insofar as asserted against them is dismissed; and it is further,

Ordered that the appeal from the order dated February 24, 1994, is dismissed as academic; and it is further,

Ordered that the appellants are awarded one bill of costs.

It is undisputed that the plaintiffs did not serve the defendant Lewis County Area Snowmobile Association, Inc. (hereinafter Snowmobile Association), with a copy of the original complaint until approximately three months after Snowmobile Association made a request for it. Under such circumstances, the burden was on the plaintiffs to set forth a reasonable excuse for the delay and to submit an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case (*see, Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905; *Rosano v County of Nassau*, 208 AD2d 704). The plaintiffs did not meet that burden as they failed to submit a sufficient affidavit of merit. The affidavit of merit submitted contained no allegation against, and did not even mention, Snowmobile Association. Accordingly, we dismiss the amended complaint insofar as it is asserted against Snowmobile Association. Moreover, we also find that Snowmobile Association established its entitlement to summary judgment. It presented sufficient evidence to establish that it had no control over the accident site, and the plaintiffs did not submit legally sufficient evidence to create a question of fact as to that issue or to otherwise establish Snowmobile Association's potential liability for the accident.

The amended complaint should also be dismissed insofar as asserted against the defendant Valley Snow Travelers, Inc. (hereinafter Valley), as it was served upon Valley without leave of the court (*see, Dauernheim v Lendlease Cars*, 202 AD2d 624, 625). Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.