■ HARRY GOLDSTEIN, by His Parent and Natural Guardian, CHERI GOLDSTEIN, Respondent, v ANTHONY LOPRESTI et al., Appellants. [726 NYS2d 579] —In an action to recover damages for medical malpractice, the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered October 11, 2000, as denied their respective motions pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them on the ground that the plaintiff failed to timely serve a complaint.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the motions are granted, and the action is dismissed.

The Supreme Court improvidently exercised its discretion in denying the defendants' respective motions pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them on the ground that the plaintiff failed to timely serve a complaint. In opposing the motions, the plaintiff was required to demonstrate a reasonable excuse for the delay in serving the complaint four months after it was due and one month after service of the motion of the defendant John J. Biordi to dismiss (*see,* CPLR 3012 [d]; *Matter of People v BBC Props. Portfolio Corp.,* 281 AD2d 549; *Elbaz v Lieb,* 269 AD2d 489; *Quinn v Wenco Food Sys., Co.,* 269 AD2d 437; *Ortiz v Delmar Recycling Corp.,* 244 AD2d 392; *Roux v Patrick,* 226 AD2d 695). The excuses proffered, that the attorney in charge of the plaintiff's case ceased her employment at the law firm retained by the plaintiff on an unspecified date, and that unspecified delays arose, were not reasonable under the circumstances (*see, Bravo v New York City Hous. Auth.,* 253 AD2d 510; *Tolliver v County of Nassau,* 231 AD2d 708; *Putney v Pearlman,* 203 AD2d 333; *Murdock v Center for Special Surgery,* 199 AD2d 482; *Korea Exch. Bank v Attilio,* 186 AD2d 634). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.