■ HOWARD LEIBOWITZ, Respondent, v BRUCE GLICKMAN, Appellant. [855 NYS2d 193]—

In an action to recover damages for assault and battery, the defendant appeals from an order of Supreme Court, Nassau County (Adams, J.), entered May 25, 2007, which denied that branch of his motion which was pursuant to CPLR 3012 (b) to dismiss the action based upon the plaintiff's failure to timely serve a complaint and granted the plaintiff's cross motion, in effect, to compel him to accept an untimely complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 3012 (b) to dismiss the action based upon the plaintiff's failure to timely serve a complaint is granted, and the cross motion is denied.

To avoid dismissal for failure to timely serve a complaint after a demand therefor has been served pursuant to CPLR 3012 (b), a plaintiff must demonstrate a reasonable excuse for the delay in serving the complaint and a meritorious cause of action (*see Aquilar v Nassau Health Care Corp.,* 40 AD3d 788 [2007]; *J. Tortorella Swimming Pools, Inc. v Incredible Coatings Corp.,* 35 AD3d 376 [2006]; *Maldonado v Suffolk County,* 23 AD3d 353, 353-354 [2005]; *Giordano v Vanchieri & Perrier,* 16 AD3d 621, 621-622 [2005]; *Gagnon v J.S. Intl. Shipping Corp.,* 8 AD3d 336, 337 [2004]; *Tutora v Schirripa,* 1 AD3d 349, 350 [2003]).

Here, the plaintiff failed to comply with either of these requirements. The excuse proffered by the plaintiff's attorney of unspecified law office failure did not constitute a reasonable excuse (*see Miraglia v County of Nassau,* 295 AD2d 411 [2002]; *Goldstein v Lopresti,* 284 AD2d 497 [2001]; *Bravo v New York City Hous. Auth.,* 253 AD2d 510 [1998]; *Sarles v Village of Tarrytown,* 245 AD2d 440 [1997]). Further, the plaintiff failed to show the existence of a meritorious cause of action (*see Tutora v Schirripa,* 1 AD3d at 350). Accordingly, the Supreme Court should have dismissed the action.

The parties' remaining contentions either are without merit or need not be considered in light of our determination. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.