Ermin Rock, Respondent, v New York City Transit Authority, Appellant, et al., Defendants. [909 NYS2d 651]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), entered December 17, 2009, as denied its motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant New York City Transit Authority pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against it is granted.

To avoid dismissal of the action for failure to serve a timely complaint after a demand therefor has been served pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and the existence of a potentially meritorious cause of action (*see Moray v Koven & Krause, Esqs.*, 62 AD3d 765 [2009]; *Leibowitz v Glickman*, 50 AD3d 643 [2008]; *Balgley v Cammarata*, 299 AD2d 432 [2002]). Under the circumstances of this case, the excuse proffered by the plaintiff's attorney of unspecified law office failure did not constitute a reasonable excuse for the delay in serving the complaint eight months after it was due (*see Leibowitz v Glickman*, 50 AD3d 643 [2008]; *Miraglia v County of Nassau*, 295 AD2d 411 [2002]; *Goldstein v Lopresti*, 284 AD2d 497 [2001]; *Quinn v Wenco Food Sys., Co.*, 269 AD2d 437 [2000]). Accordingly, the appellant's motion to dismiss the action insofar as asserted against it should have been granted. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.