■ RICHARD A. GRACE, Appellant, v CHARLES FOLLINI et al., Respondents. [914 NYS2d 302]—

In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and fraud, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Loehr, J.), entered September 22, 2009, which, among other things, granted the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve the complaint, and (2), as limited by his brief, from so much of an order of the same court entered November 18, 2009, as denied those branches of his motion which were to vacate the order entered September 22, 2009, on the ground that the Supreme Court lacked jurisdiction to enter it, and for leave to renew and reargue his opposition to the defendant's motion pursuant to CPLR 3012 (b) to dismiss the action.

Ordered that the appeal from so much of the order entered November 18, 2009, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue (*see Campoverde v Bruckner Plaza Assoc., L.P.*, 50 AD3d 836 [2008]); and it is further,

Ordered that the order entered September 22, 2009, is affirmed; and it is further,

Ordered that the order entered November 18, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

"[T]o avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a [potentially] meritorious cause of action" (*Splinters, Inc. v Greenfield*, 63 AD3d 717, 719 [2009]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court" (*Pristavec v Galligan*, 32 AD3d 834, 834-835 [2006]). "When exercising its discretion in this regard,

a court should consider all relevant factors, including the extent of the delay, the prejudice to the opposing party, and the lack of an intent to abandon the action" (*Aquilar v Nassau Health Care Corp.*, 40 AD3d 788, 789 [2007]).

The plaintiff offered no reasonable excuse for his failure to serve a complaint during the almost nine-year period of time from the service of the demand in November 2000 to September 2009, when the defendants served their motion to dismiss the action. Contrary to the plaintiff's contention, his conclusory and unsubstantiated claim of law office failure did not constitute a reasonable excuse for the nine-year delay in prosecuting the action (*see Okun v Tanners*, 11 NY3d 762, 763 [2008]; *Leibowitz v Glickman*, 50 AD3d 643, 644 [2008]; *Miraglia v County of Nassau*, 295 AD2d 411 [2002]). Moreover, the deaths of two of the defendants during that nine-year period prejudiced the remaining defendants, as the decedents were the defendants primarily responsible for the conduct upon which the plaintiffs base this action. Further, under the circumstances, the plaintiff's failure to prosecute the action in a timely manner constituted evidence of his intent to abandon it (*see* CPLR 320, 3012).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' motion to dismiss the action. A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion (*see Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov*, 41 AD3d 603, 605 [2007]). Here, the plaintiff failed to set forth a reasonable justification for his failure to submit any purportedly new facts in opposition to the defendants' initial motion. Moreover, that branch of the plaintiff's motion which was for leave to renew was not based upon new facts which would have changed the prior determination (*see* CPLR 2221 [e]; *Swedish v Beizer*, 51 AD3d 1008, 1010 [2008]).

The plaintiff's remaining contentions either have been rendered academic in light of our determination or are without merit. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.