■ NAIMA DAYAN, Appellant, v GARY M. DARCHE, Respondent.
[945 NYS2d 735]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated May 2, 2011, which granted the defendant's motion, in effect, pursuant to CPLR 3012 (b) to dismiss the action, and (2) an order of the same court dated January 4, 2012, which denied her motion for leave to renew her opposition to the defendant's motion.

Ordered that the orders are affirmed, with one bill of costs.

To avoid dismissal of the action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action (*see Perez-Faringer v Heilman*, 79 AD3d 837, 838 [2010]; *Gibbons v Court Officers' Benevolent Assn. of Nassau County*, 78 AD3d 654, 654 [2010]; *Pristavec v Galligan*, 32 AD3d 834, 834 [2006]; *Maldonado v Suffolk County*, 23 AD3d 353, 353-354 [2005]). Here, the plaintiff failed to proffer any excuse for her lengthy delay in serving the complaint. Furthermore, she failed to establish that she had a potentially meritorious cause of action (*see generally Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Allen v Potruch*, 282 AD2d 484, 484-485 [2001]; *Iannacone v Weidman*, 273 AD2d 275, 276-277 [2000]; *Rubinberg v Walker*, 252 AD2d 466, 467 [1998]). Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the action.

In addition, the plaintiff's motion for leave to renew her opposition to the defendant's motion to dismiss the action was properly denied. In support of her motion, the plaintiff proffered her attorney's affirmation in an attempt to provide a reasonable excuse for the delay in serving the complaint. However, the attorney's affirmation, which, inter alia, proffered an unsubstantiated excuse of disabling illnesses, was insufficient to warrant a change of the prior determination (*see* CPLR 2221 [e]

[2]; *Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc.*, 83 AD3d 645, 646 [2011]; *Mattera v Capric*, 54 AD3d 827, 828 [2008]; *Borgia v Interboro Gen. Hosp.*, 90 AD2d 531 [1982], *affd* 59 NY2d 802 [1983]; *Wolfe v Town of Hempstead, Dept. of Parks & Recreation*, 75 AD2d 811, 812 [1980]). Moreover, the plaintiff failed to offer a reasonable justification for failing to present this affirmation in opposition to the defendant's original motion (*see* CPLR 2221 [e] [3]; *Brown Bark I, L.P. v Imperial Dev. & Constr. Corp.*, 65 AD3d 510, 512 [2009]; *Zarecki & Assoc., LLC v Ross*, 50 AD3d 679, 680 [2008]; *Reshevsky v United Water N.Y., Inc.*, 46 AD3d 532, 533 [2007]). Skelos, J.P., Dickerson, Hall and Cohen, JJ., concur.