■ ANTONIO CARDUCCI, Appellant, v ROBERT RUSSELL et al., Respondents, et al., Defendants. [993 NYS2d 119]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated March 19, 2013, which granted that branch of the motion of the defendants Robert Russell and Lisa Russell which was pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On July 25, 2011, the plaintiff, acting pro se, commenced this action by filing a summons with notice with the New York State Courts Electronic Filing System (hereinafter NYSCEF). Simultaneously, he filed a "notice of hard copy submission—e-filed case" to exempt him from e-filing. On October 13, 2011, the plaintiff served the defendants Robert Russell and Lisa Russell (hereinafter together the Russell defendants) with the summons with notice and a "notice of hard copy submission—e-filed case." On November 2, 2011, the Russell defendants uploaded a notice of appearance and demand for service of a complaint to the NYSCEF system. Although the Russell defendants did not execute an affidavit of service, they attached a "certificate of service," which indicated that they mailed a copy of the same documents to the plaintiff. It is uncontested that the plaintiff did not serve the Russell defendants with a proposed complaint until on or about November 14, 2012, more than one year later. By notice of motion dated December 4, 2012, the Russell defendants moved, inter alia, pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them. The plaintiff's affidavit submitted in opposition to the motion stated, in pertinent part, "subsequent to commencement, but prior to serving the summons on the [Russell] defendants, your deponent retained The Law Office of Brian R. Hoch, Esq. to represent me in this action."

To avoid dismissal of the action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a

potentially meritorious cause of action (*see Dayan v Darche*, 96 AD3d 708 [2012]; *Perez-Faringer v Heilman*, 79 AD3d 837, 838 [2010]; *Gibbons v Court Officers' Benevolent Assn. of Nassau County*, 78 AD3d 654, 654 [2010]; *Pristavec v Galligan*, 32 AD3d 834, 834 [2006]; *Maldonado v Suffolk County*, 23 AD3d 353, 353-354 [2005]).

Here, the record indicates that the plaintiff was no longer acting in a pro se capacity when the Russell defendants uploaded the notice of appearance and demand to the NYSCEF system. The plaintiff's purported reasonable excuse that the failure to serve the complaint was a "technical glitch" of the NYSCEF system is unavailing. The Russell defendants' notice of appearance and demand remained in the e-filing system for over one year, during which the plaintiff was represented by counsel, before the plaintiff served a proposed complaint on them. Contrary to the plaintiff's contentions, this is not a mere technical glitch. It is law office failure, which has been held not to constitute a reasonable excuse under CPLR 3012 (b) (*see Okun v Tanners*, 11 NY3d 762 [2008]; *Grace v Follini*, 80 AD3d 560, 561 [2011]). In any event, the plaintiff's verified complaint and affidavit in opposition to the Russell defendants' motion did not set forth any facts which would demonstrate a potentially meritorious cause of action against the Russell defendants (*see Perez-Faringer v Heilman*, 79 AD3d at 838; *Balgley v Cammarata*, 299 AD2d 432 [2002]; *cf. Holton v Sprain Brook Manor Nursing Home*, 253 AD2d 852 [1998]).

Accordingly, the Supreme Court correctly granted the Russell defendants' motion to dismiss the plaintiff's action insofar as it is asserted against them (*see Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904 [1985]). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.