■ JL COLLIER CORP. et al., Respondents, v WELLS FARGO BANK, NATIONAL ASSOCIATION, Appellant, et al., Defendants. [5 NYS3d 884]—

In an action, inter alia, to recover damages for breach of contract, the defendant Wells Fargo Bank, National Association, appeals (1) from an order of the Supreme Court, Queens County (Hart, J.), entered August 7, 2014, which denied its motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against it for failure to timely serve a complaint, (2), by permission, from an order of the same court, also entered

August 7, 2014, which granted the plaintiffs' oral application for an accounting, and (3), by permission, from an order of the same court entered October 17, 2014, which, sua sponte, compelled it to produce certain documents.

Ordered that the orders are reversed, on the law, with one bill of costs, the motion of Wells Fargo Bank, National Association, pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against it for failure to timely serve a complaint is granted, and the plaintiffs' oral application for an accounting is denied as academic.

The Supreme Court should have granted the motion of the defendant Wells Fargo Bank, National Association (hereinafter Wells Fargo), pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against it for failure to timely serve a complaint. CPLR 3012 (b) provides that if the complaint is not served with the summons, service of the complaint shall be made within 20 days after service of a demand for a complaint. "[I]n order to avoid dismissal for failure to timely serve a complaint, the plaintiff must demonstrate a reasonable excuse for the delay" (*Barasch v Micucci*, 49 NY2d 594, 599 [1980], *revd on other grounds* 49 NY2d 594 [1980]; *see Harris v City of New York*, 121 AD3d 852, 855 [2014]; *Carducci v Russell*, 120 AD3d 1375 [2014]). Here, the plaintiffs failed to proffer a reasonable excuse for their failure to timely serve a complaint upon Wells Fargo within 20 days after Wells Fargo served a demand for the complaint.

The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination that the Supreme Court should have granted Wells Fargo's motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against it for failure to timely serve a complaint. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.