■ INGER SOFIA TELIAN, Appellant, v ROBERT M. FREUND, Respondent. [9 NYS3d 886]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered April 29, 2014, which, upon an order of the same court entered March 10, 2014, granting the defendant's motion pursuant to CPLR 3012 (b) to dismiss the action, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"To avoid dismissal of [an] action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (*Carducci v Russell*, 120 AD3d 1375, 1375-1376 [2014]; *see Mitrani Plasterers Co., Inc. v SCG Contr. Corp.*, 97 AD3d 552, 552 [2012]; *Dayan v Darche*, 96 AD3d 708, 708 [2012]). Here, the plaintiff failed to proffer a reasonable excuse for her lengthy delay of more than six years in serving the complaint after being served by the defendant with a notice of appearance and demand for a complaint (*see* CPLR 2103 [b] [2], [4]; [c]). In any event, she failed to establish that she had a potentially meritorious cause of action to recover damages for medical malpractice (*see Brice v Westchester Community Health Plan*, 143 AD2d 170, 170 [1988]; *Estate of Ward v Hoffman*, 139 AD2d 691, 692 [1988]) or breach of contract (*see Robins v Finestone*, 308 NY 543, 546 [1955]; *Varone v Delman*, 272 AD2d 320, 320 [2000]).

The plaintiff's remaining contentions are without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 3012 (b) to dismiss the action (*see Dayan v Darche*, 96 AD3d at 708; *Eglit v County of Westchester*, 46 AD3d 504, 505 [2007]). Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.