■ Howaida Khamis, Appellant, v Corporate Transportation Group, Ltd., Respondent. [23 NYS3d 375]—

In an action to recover damages for employment discrimination on the basis of race and national origin and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated February 4, 2015, which granted the defendant's motion, inter alia, pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint.

Ordered that the order is affirmed, with costs.

On February 3, 2014, the plaintiff commenced this action by filing a summons with notice. In July 2014, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendant with the summons with notice. In an order dated July 14, 2014, the Supreme Court, in granting the motion, extended the time to serve the summons and complaint for 120 days from the date of the order. On August 19, 2014, the plaintiff served the defendant with a summons with notice but did not serve a complaint. On September 8, 2014, the defendant served a demand for complaint upon the plaintiff's attorney by overnight delivery. On September 9, 2014, the demand was delivered to the office of the plaintiff's attorney. On or about October 29, 2014, the plaintiff served a complaint upon the defendant's attorney, which was received on October 31, 2014. In November 2014, the defendant moved, inter alia, pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint. The Supreme Court granted the motion. The plaintiff appeals.

CPLR 3012 (b) provides, in relevant part, that: "[i]f the complaint is not served with the summons, the defendant may serve a written demand for the complaint within the time provided in subdivision (a) of rule 320 for an appearance. Service of the complaint shall be made within twenty days after service of the demand . . . The court upon motion may

dismiss the action if service of the complaint is not made as provided in this subdivision" (CPLR 3012 [b]). " 'To avoid dismissal of [an] action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action' " (*Telian v Freund*, 129 AD3d 828, 828 [2015], quoting *Carducci v Russell*, 120 AD3d 1375, 1375-1376 [2014]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court" (*Mitrani Plasterers Co., Inc. v SCG Contr. Corp.*, 97 AD3d 552, 552 [2012]).

Here, pursuant to CPLR 3012 (b), since the defendant served the plaintiff's attorney by overnight delivery with a demand for complaint, the plaintiff had until September 29, 2014, to serve her complaint (*see* CPLR 2103 [b] [6]). However, the complaint was not served until one month later. The Supreme Court providently exercised its discretion in granting the defendant's motion, as the plaintiff failed to proffer a reasonable excuse for her delay in serving the complaint upon the defendant (*see JL Collier Corp. v Wells Fargo Bank, N.A.*, 127 AD3d 1026, 1027 [2015]; *Rock v New York City Tr. Auth.*, 78 AD3d 680 [2010]) or a potentially meritorious cause of action (*see Harris v City of New York*, 121 AD3d 852, 855 [2014]; *Carducci v Russell*, 120 AD3d at 1376; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 706 [2006]).

The plaintiff's remaining contentions need not be reached in light of our determination. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.