■ JUDITH LOBEL, as Executor of JEAN SCHNEIDER, Deceased, Appellant, v HILLTOP VILLAGE COOPERATIVE, No. 4, et al., Respondents. [28 NYS3d 633]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered July 23, 2014, which granted the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint and denied her cross application to extend the time to serve the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's cross application to extend the time to serve the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

To avoid dismissal of an action for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action (*see Telian v Freund*, 129 AD3d 828 [2015]; *Carducci v Russell*, 120 AD3d 1375, 1375-1376 [2014]; *Mitrani Plasterers Co., Inc. v SCG Contr. Corp.*, 97 AD3d 552 [2012]). " 'The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court' " (*Grace v Follini*, 80 AD3d 560, 560 [2011], quoting *Pristavec v Galligan*, 32 AD3d 834, 834-835 [2006]; *see Leibowitz v Glickman*, 50 AD3d 643, 644 [2008]).

Here, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to show a reasonable excuse for the delay in serving the complaint (*see Adams v Alexander*, 291 AD2d 467 [2002]). Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action and denied the plaintiff's cross application to extend the time to serve the complaint. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.