■ ENRIQUE N. RILEY, as Administrator of the Estate of PATRICIA RILEY-COLE, Deceased, et al., Appellants, v HEALTH AND HOSPITAL CORPORATION et al., Respondents, et al., Defendants. [57 NYS3d 898]—In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Weston, J.), dated March 22, 2016, which granted the motion of the defendants Health and Hospital Corporation and Kings County Hospital Center pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them for failure to timely serve a complaint.

Ordered that the order is affirmed, with costs.

"To avoid dismissal of an action for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (*Lobel v Hilltop Vil. Coop., No. 4*, 138 AD3d 938, 939 [2016]; *see Carducci v Russell*, 120 AD3d 1375, 1375-1376 [2014]).

Here, the Supreme Court providently exercised its discretion in granting the motion of the defendants Health and Hospital Corporation and Kings County Hospital Center pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them. The plaintiffs failed to demonstrate a reasonable excuse for their delay in serving the complaint and a potentially meritorious cause of action (*see Lobel v Hilltop Vil. Coop., No. 4*, 138 AD3d at 939; *Khamis v Corporate Transp. Group, Ltd.*, 135 AD3d 825, 826 [2016]; *Telian v Freund*, 129 AD3d 828 [2015]; *Carducci v Russell*, 120 AD3d at 1376).

In light of our determination, we need not address the plaintiffs' remaining contention. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.