Mazzola v Village Hous. Assoc., LLC (2018 NY Slip Op 05759)





Mazzola v Village Hous. Assoc., LLC


2018 NY Slip Op 05759


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-03789
 (Index No. 610714/16)

[*1]Gregory Mazzola, etc., respondent, 
v
Village Housing Associates, LLC, appellant.


Goldberg Segalla, LLP, Garden City, NY (Brendan T. Fitzpatrick of counsel), for appellant.
Christopher J. Cassar, P.C., Huntington, NY, for respondent.



DECISION & ORDER
In an action to recover damages for negligence and wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 23, 2017. The order denied the defendant's motion pursuant to CPLR 3012(b) to dismiss the action.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 3012(b) to dismiss the action is granted.
To avoid dismissal of an action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action (see Lobel v Hilltop Vil. Coop., No. 4, 138 AD3d 938; Telian v Freund, 129 AD3d 828; Carducci v Russell, 120 AD3d 1375). The determination of what constitutes a reasonable excuse is within the sound discretion of the court (see Castor v Cuevas, 137 AD3d 734; Khamis v Corporate Transp. Group, Ltd., 135 AD3d 825, 826). While the court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse (see Lobel v Hilltop Vil. Coop., No. 4, 138 AD3d at 939; Khamis v Corporate Transp. Group, Ltd., 135 AD3d at 826; Carducci v Russell, 120 AD3d at 1375-1376; Rock v New York City Tr. Auth., 78 AD3d 680; Leibowitz v Glickman, 50 AD3d 643; Miraglia v County of Nassau, 295 AD2d 411).
Here, the Supreme Court improvidently exercised its discretion in denying the defendant's motion pursuant to CPLR 3012(b) to dismiss the action on the ground that the plaintiff failed to timely serve the complaint. The excuse proffered by the plaintiff, that his counsel did not receive the demand for the complaint that was served upon him by regular mail, was unreasonable under the circumstances. The record demonstrates, and the plaintiff does not dispute, that this action was commenced as an electronically filed case in the New York State Courts Electronic Filing System (hereinafter NYSCEF). On August 2, 2016, the defendant uploaded a notice of appearance and demand for the complaint to the NYSCEF system, and also served a copy upon the plaintiff by regular mail. That same day, the NYSCEF system provided an email notification to the plaintiff's counsel that the notice of appearance and demand for the complaint had been uploaded. The plaintiff failed to proffer any excuse, let alone a reasonable excuse, for his failure to timely serve a complaint [*2]in response to this email notification. In light of the plaintiff's failure to demonstrate a reasonable excuse, we need not consider whether he had a potentially meritorious cause of action.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3012(b) to dismiss the action.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court