Housen v Boston Mkt. Corp. (2018 NY Slip Op 07417)





Housen v Boston Mkt. Corp.


2018 NY Slip Op 07417


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-04703
 (Index No. 13869/13)

[*1]Edlon Housen, appellant, 
v
Boston Market Corporation, etc., et al., respondents, et al., defendants.


Stewart Law Firm, PLLC, Rosedale, NY (Nadira S. Stewart and Marina V. Moreno of counsel; Tarik A. Stewart and Stephanie Kriticou on the briefs), for appellant.
Lewis, Brisbois, Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Karen Campbell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), entered March 16, 2016. The order denied the plaintiff's motion to vacate an order of the same court entered September 26, 2014, granting the motion of the defendant Boston Market Corporation to dismiss the complaint.
ORDERED that the order entered March 16, 2016, is affirmed, with costs.
On July 21, 2010, the plaintiff allegedly sustained personal injuries when he slipped and fell in a Boston Market restaurant. On July 19, 2013, the plaintiff filed a summons with notice against, among others, Boston Market Corporation (hereinafter Boston Market). Boston Market made a demand for a complaint, dated December 3, 2013, and the plaintiff served a verified complaint on January 9, 2014. Boston Market moved pursuant to CPLR 3012(b) to dismiss the action for failure to serve the complaint within 20 days after service of the demand for a complaint. The plaintiff purportedly served a cross motion to compel acceptance of the complaint and an affirmation in opposition to Boston Market's motion, but failed to properly file these papers with the Centralized Motion Part of the Supreme Court. As a result, by order entered September 26, 2014, the Supreme Court granted Boston Market's motion on the plaintiff's default and directed the dismissal of the complaint.
The plaintiff thereafter moved to vacate the order entered September 26, 2014. By order entered March 16, 2016, the Supreme Court denied the motion. The plaintiff appeals.
The plaintiff's motion to vacate the order entered September 26, 2014, on the ground of excusable default pursuant to CPLR 5015(a)(1) was untimely, since it was not made within one year after a copy of the order was served upon him with notice of entry (see CPLR 5015[a][1]; 2211; Deutsche Bank Nat. Trust Co. v White, 110 AD3d 759, 760; US Natl. Bank Assn. v Melton, 90 AD3d 742, 744). In any event, the plaintiff was not entitled to relief pursuant to CPLR 5015 (a)(1), since he failed to demonstrate a reasonable excuse for his default (see Wright v City of Poughkeepsie, 136 AD3d 809; Betz v Carbone, 126 AD3d 743), or a potentially meritorious opposition to the motion [*2]to dismiss (see CPLR 3012[b]; Lobel v Hilltop Vil. Coop., No. 4, 138 AD3d 938).
Contrary to the plaintiff's contention, the Supreme Court did not have discretion to cure a potential defect in the order entered September 26, 2014, pursuant to CPLR 5019(a), as the alleged error affected the substantial rights of parties (see CPLR 5019[a]; Rotunno v Gruhill Constr. Corp., 29 AD3d 772).
The plaintiff's remaining contention is without merit.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court