Mezar v Defranco (2021 NY Slip Op 00307)





Mezar v Defranco


2021 NY Slip Op 00307


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-04684
 (Index No. 515352/16)

[*1]Jude Mezar, et al., appellants, 
v
Louis Defranco, etc., et al., respondents.


Asher & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Susan Paulson and Malini Dhanraj of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 1, 2019. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3012(b) to dismiss the action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"To avoid dismissal of [an] action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (Carducci v Russell, 120 AD3d 1375, 1375-1376; see Telian v Freund, 129 AD3d 828). "The determination of what constitutes a reasonable excuse is within the sound discretion of the court" (Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669).
Contrary to the plaintiffs' contention, the defendants' CPLR 3012(b) demand for the complaint was properly served via first class mail (see John Harris, P.C. v FSA Main St. LLC., 113 AD3d 415, 416; Tsionis v Eriora Corp., 123 AD3d 694, 696). Moreover, the plaintiffs' mere denial of receipt of the demand for the complaint was insufficient to demonstrate a reasonable excuse for their delay in serving the complaint (see CPLR 2103[b][2]; Kihl v Pfeffer, 94 NY2d 118, 122; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 786). In view of the foregoing, we need not consider whether the plaintiffs demonstrated a potentially meritorious cause of action.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion pursuant to CPLR 3012(b) to dismiss the action.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court