Belli v Belli (2022 NY Slip Op 04620)

Belli v Belli

2022 NY Slip Op 04620

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11167
 (Index No. 525922/18)

[*1]Mark F. Belli, appellant,
v
Paul A. Belli, et al., respondents.

Mark F. Belli, Brooklyn, NY, appellant pro se.
Law Offices of Edmond R. Shinn, Esq., Ltd., Bronx, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 19, 2019. The order granted the defendants' motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff seeks to invalidate certain inter vivos transfers of real estate and stock made by his father, Franco Belli, on the grounds of undue influence by the plaintiff's brother, the defendant Paul A. Belli, and lack of capacity to make the transfers. The Supreme Court did not err in granting the defendants' motion pursuant to CPLR 3012(b) to dismiss this action for failure to timely serve a complaint.
"To avoid dismissal for failing to timely serve a complaint after a demand has been made pursuant to CPLR 3012(b), and to be entitled to an extension of time to serve the complaint under CPLR 3012(d), a plaintiff [must] demonstrate both a reasonable excuse for the delay and a potentially meritorious cause of action" (Percival v Northwell Health Sys., 173 AD3d 916, 917 [internal quotation marks omitted]; see Riley v Health & Hosp. Corp., 153 AD3d 742; Lobel v Hilltop Vil. Coop., No. 4, 138 AD3d 938). "'The determination of what constitutes a reasonable excuse is within the sound discretion of the court'" (Mezar v Defranco, 190 AD3d 849, 850, quoting Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669).
Here, even assuming the plaintiff had a reasonable excuse for the delay in serving the complaint, he failed to demonstrate a potentially meritorious cause of action (see Percival v Northwell Health Sys., 173 AD3d at 917). The allegations in the plaintiff's proposed verified complaint were based mainly upon information and belief, and were insufficient to establish a meritorious claim (see generally Fekete v Camp Skwere, 16 AD3d 544). Moreover, to the extent the plaintiff asserts claims based upon undue influence, he failed to plead the circumstances constituting the wrong in detail, as required by CPLR 3016(b) (see generally Oppedisano v D'Agostino, 196 AD3d 497, 499-500).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court