C. N. v West Islip Union Free Sch. Dist. (2023 NY Slip Op 01801)

C. N. v West Islip Union Free Sch. Dist.

2023 NY Slip Op 01801

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-08660

[*1]C. N. (Anonymous), appellant, 
v
West Islip Union Free School District, respondent. (Suffolk County Index No. 612799/21)

Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for appellant.
Volz & Vigliotta, PLLC, Nesconset, NY (Joshua Shteierman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring and supervision, the plaintiff appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven J. Jaeger, J.), dated November 17, 2021. The order granted the defendant's motion pursuant to CPLR 3012(b) to dismiss the complaint for failure to timely serve the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 3012(b) to dismiss the complaint for failure to timely serve the complaint is denied.
On July 2, 2021, the plaintiff attempted to commence this action, seeking to recover damages based on sexual abuse allegedly perpetrated against the plaintiff in 1987, by filing a summons and complaint in the Supreme Court, Suffolk County. The plaintiff's papers were rejected, however, because the caption appearing on the filed papers set forth only the plaintiff's initials, instead of the plaintiff's full name.
On July 8, 2021, the plaintiff successfully commenced the action by filing with the Suffolk County Clerk a summons with notice, using the plaintiff's full name. In the summons with notice, the plaintiff asked to proceed anonymously, and, by order to show cause dated July 16, 2021, the plaintiff moved pursuant to Civil Rights Law § 50-b for leave to proceed anonymously. A temporary restraining order that would have permitted the plaintiff "to continue using [a] pseudonym in this action" and would have barred the defendant "from making any public filings identifying the moving plaintiff" was stricken by the Supreme Court from the order to show cause.
On July 20, 2021, the plaintiff served upon the defendant the summons with notice, using the plaintiff's full name, and on the same day, the defendant served upon the plaintiff a demand for a complaint. In an order dated August 19, 2021, the Supreme Court granted the plaintiff's motion to proceed anonymously without opposition. According to the plaintiff, the defendant served a new demand for a complaint on August 24, 2021, deleting the plaintiff's full name and using the plaintiff's initials instead. On the same day the new demand was made, the plaintiff served upon the defendant a verified complaint, which was dated June 15, 2021, using the [*2]plaintiff's initials in the caption. The verified complaint sought relief pursuant to the Child Victims Act (see CPLR 214-g), asserting five causes of action and alleging that in 1987, when the plaintiff was in the eighth grade, the plaintiff was sexually abused by a named school psychologist employed by the defendant school district.
By notice of motion dated September 14, 2021, the defendant moved to dismiss the complaint pursuant to CPLR 3012(b), which provides that a complaint must be served within 20 days after service of a demand, on the ground that the verified complaint in this case was served 35 days after the initial demand for the complaint was served on July 20, 2021. In opposition, the plaintiff argued that the delay in serving the complaint was excusable, since the plaintiff could not file a detailed complaint using the plaintiff's full name while the plaintiff was awaiting a decision on the motion for leave to proceed anonymously.
In an order dated November 17, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
As a general rule, "[t]o avoid dismissal of [an] action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (Carducci v Russell, 120 AD3d 1375, 1375-1376; see Mezar v Defranco, 190 AD3d 849, 850). The determination of what constitutes a reasonable excuse is within the discretion of the court (see Mazzola v Village Hous. Assoc., 164 AD3d 668).
Here, the plaintiff proffered compelling reasons for the 15-day delay in serving the complaint, which was in part attributable to circumstances beyond the plaintiff's control. The plaintiff promptly moved for leave to proceed anonymously and was denied a temporary restraining order which would have permitted the filing of the complaint with an anonymous caption while that motion was pending, and that motion was not decided until after the time to comply with the first demand for a complaint had expired. Thus, contrary to the Supreme Court's determination, the plaintiff demonstrated a reasonable excuse for the delay. Moreover, the court's determination that the plaintiff "has not alleged a meritorious claim" is not supported by the record (see Chiaffarano v Winston, 234 AD2d 329, 330).
Accordingly, under the particular circumstances of this case, the defendant's motion to dismiss the complaint for failure to timely serve the complaint should have been denied.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court