Shapiro v 151 Baltic St., LLC (2025 NY Slip Op 50135(U))

[*1]

Shapiro v 151 Baltic St., LLC

2025 NY Slip Op 50135(U)

Decided on February 6, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2025
Supreme Court, Kings County

Lisa Shapiro, et al., Plaintiffs,

against
151 Baltic Street, LLC, et al., Defendants.

Index No. 519152/2023

Domenick Napolitano, Brooklyn, for Plaintiffs.
Lazarus Karp Ehrlich McCourt, LLP, New York City (Jacqueline S. Kim of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 6-27.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motions are determined as follows.
Plaintiffs, claiming to be the last few remaining tenants in a multi-family residential building in Brooklyn undergoing gut renovation, commenced this action by way of a summons with notice in July 2023, alleging harassment and violations of the New York City Administrative Code by Defendants. In August 2023, Defendants served a demand for a complaint. Not having received a complaint by the 20-day deadline prescribed in CPLR 3012 (b), in September 2024, Defendants moved for dismissal of Plaintiffs' claims. Plaintiff cross-moved pursuant to CPLR 3012 (d) to extend the time for them to serve and file the complaint.
In Fox v Gross (219 AD3d 584, 585-586 [2d Dept 2023]), the Second Department set forth the factors for considering the issue herein:
"To avoid dismissal of an action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669 [2018]; see Lobel v Hilltop Vil. Coop., No. 4, 138 AD3d 938 [2016]; Telian v Freund, 129 AD3d 828 [2015]; Carducci v Russell, 120 AD3d 1375, 1375-1376 [2014]). The determination of [*2]what constitutes a reasonable excuse for a delay in serving a complaint after a demand is made is within the discretion of the court (see Castor v Cuevas, 137 AD3d 734 [2016]; Khamis v Corporate Transp. Group, Ltd., 135 AD3d 825, 826 [2016]). "When exercising its discretion in this regard, a court should consider all relevant factors, including the extent of the delay, the prejudice to the opposing party, and the lack of an intent to abandon the action" (Mitrani Plasterers Co., Inc. v SCG Contr. Corp., 97 AD3d 552, 552 [2012]).
Plaintiffs' counsel, Domenick Napoletano, asserts law office failure in support of excusing Plaintiffs' default in serving and filing the complaint. The Court is presented herein with a unique set of facts in that, as part of counsel's offer of reasonable excuse, he was consumed with his service as President of the New York State Bar Association and, prior thereto, as President-Elect, in addition to having endeavored to settle the matter on his clients' behalf with opposing counsel.[FN1]
Counsel took office as President on June 1, 2024.[FN2]
More specifically, counsel attested to the following in an affirmation he submitted:
7. Email correspondences and telephone communications beginning in March 2023 and throughout 2023, and thereafter continuing through a part of 2024 attest to these efforts, although not productive, were nevertheless made in an effort towards settlement.
8. Coupled perhaps unfortunately with this good faith hope and belief that litigation could be avoided, my professional life became complicated by my ascension to the presidency of the New York State Bar Association on June 1st 2024.
9. I neither wish to imply or seek to excuse my obligations here, but the honest answer to any delay in serving a complaint, was both my honest belief that given nearly a year of ongoing correspondence that a settlement could be reached; and that added to this was what has amounted to be a full time job as President of the New York State Bar Association, which has consumed most if not all of my time; taking me away from my practice, which I've nevertheless tried under these circumstances to manage as a solo practitioner for the past 44 years, but here apparently having failed. (NYSCEF Doc No. 11.)
Defendants' position is encapsulated in the following assertion of their counsel: "Thus, it is abundantly clear that after June 1, 2024, Plaintiffs' counsel's failure to serve a complaint was not due to some inadvertent law office failure, but rather entirely due to his deliberate and knowing neglect of his clients' cases and his intentional choice to put his volunteer, extracurricular bar association activities above his "professional" work (NYSCEF Doc No. 16 8). Defendants' counsel added: "Thus, Plaintiffs' counsel's candor in admitting that he knowingly put his volunteer activities with the bar association above his duties and obligations to his clients, choosing to deliberately ignore his clients' cases, and disrespecting the Court and Defendants' schedules, does not even come close to qualifying as a reasonable excuse (id. 9).
In discussing law office failure, it has been held that
"The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, and in exercising that discretion, the court may accept law office failure as an excuse" (Pare v Pare, 222 AD3d 765, 767; see CPLR 2005). [*3]"Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (McCarey v Offshore Trophy Room, Inc., 223 AD3d 893, 893 [internal quotation marks omitted]; see Natanel v Plaza Ins. Co., 200 AD3d 890, 891). (Carrington v Northwell Health, — AD3d &mdash, 2025 NY Slip Op 00079, *1 [2d Dept 2025].)
This Court was unable to locate authority regarding the impact of a bar association's President's duties on his legal practice in terms of meeting deadlines, but does note the authority that illness on the part of an attorney may be considered in determining whether to excuse a delay. In fact, an attorney's mental health condition has been accepted as a reasonable excuse for a default (see Low Surgical & Med. Supply, Inc. v McAfee, 15 AD3d 547 [2d Dept 2005]). In Amato v Commack Union Free School Dist. (32 AD3d 807, 807-808 [2d Dept 2006]), the court held: "The plaintiffs presented a justifiable excuse for their delay in prosecuting this action based upon the combination of their attorney's illness [citations omitted] and law office failure that was not willful or deliberate [citations omitted]." In another case where the attorney submitted an affidavit detailing hospitalizations and circumstances of a highly personal and embarrassing situation, it was held as follows:
Under the unique circumstances contained in this record, it was an improvident exercise of that discretion to deny that branch of the plaintiff's motion which was for leave to renew the motion to vacate the default in complying with the pretrial order, to restore the action to the calendar, and to extend the time to file the note of issue (Goldstein v Meadows Redevelopment Co Owners Corp. I, 46 AD3d 509, 511 [2d Dept 2007])
Even the illness and death of an attorney's parent has been considered sufficient to excuse a default (see Fine v Fine, 12 AD3d 399 [2d Dept 2004]).
The fact that no complaint was served and filed for a long time would militate against excusing Plaintiffs' delay. However, the Court finds that other factors weigh in favor of excusing it. Indeed the instant situation presents "unique circumstances" and an "understandably embarrassing" situation (Goldstein, 46 AD3d at 511), in that the overbearing duties of a state bar association President caused Mr. Napolitano to neglect serving and filing a complaint. The mental stress of exercising one's responsibilities as President and President-Elect of a large state's bar association is no less an excuse than another attorney's mental health condition (see Low Surgical & Med. Supply, Inc., 15 AD3d 547).
The Court can take notice that prior to serving as a bar association President, one usually serves as President-Elect. While the busy schedule of a state bar association President or President-Elect (in effect two years of intense activities, meetings, and lobbying on behalf of the state's bar) can impact one's diligence in attending to law firm matters, here the situation was made more difficult by Mr. Napolitano operating as a solo practitioner. This is not to say that being a bar association President is an absolute defense to missing a deadline; however, it can explain a rare instance of neglect.
Clearly, there was no intent on the part of Plaintiffs or their counsel to abandon the action, in that there were settlement discussions. The delay here was not willful. The Court finds no prejudice to Defendants. In fact, Defendants interposed an answer to the summons with notice. Moreover, if the Court were to grant Defendants' motion to dismiss the complaint, Plaintiffs' claims could be revived under CPLR 205 (a). The statute of limitations would not [*4]pose a bar. Recommencing the action would only result in more delay in resolving the underlying dispute — both for the parties and indeed for the Court. It is far preferable that the dispute be resolved on the merits within the instant action.
The Court accepts Plaintiffs' excuse of law office failure as per CPLR 2005 and the cited case law.
Defendants argued that the requisite potentially meritorious cause of action has not been demonstrated due to the proposed complaint not being verified. However, Defendants already interposed an answer to the summons with notice. They did not await the service of the complaint. Therefore, the Court finds that Defendants waived verification and the complaint may be considered. There is enough in it to consider it as presenting a potentially meritorious cause of action.
There being a reasonable excuse for Plaintiffs' delay and a potentially meritorious cause of action on their part, IT IS HEREBY ORDERED that Defendants' motion for dismissal of Plaintiffs' claims pursuant to CPLR 3012 (b) (Motion Seq. No. 1) is DENIED, and Plaintiffs' cross-motion pursuant to CPLR 3012 (d) to extend the time to serve and file the complaint (Motion Seq. No. 2) is GRANTED. IT IS HEREBY FURTHER ORDERED that Plaintiffs shall serve and file their complaint within ten days of this Order being entered.
Dated: February 6, 2025
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:That he previously served as President-Elect was mentioned by counsel during oral argument.

Footnote 2:This too came out during oral argument.